UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORTE DEON BANKS,<br><br>Petitioner,<br><br>v.<br><br>STEWARD SHERMAN, Warden,<br><br>Respondent. | Case No. CV 18-9468-SP<br><br>MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS |

## I.

## <u>INTRODUCTION</u>

On November 7, 2018, petitioner Corte Deon Banks filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). Petitioner seeks to challenge his 2013 conviction and sentence for second degree robbery in the Los Angeles County Superior Court on the basis that his Sixth Amendment rights were violated when the trial court determined the facts of petitioner's prior convictions instead of a jury. Petitioner cites two cases in support of his claim, *People v. Gallardo*, 4 Cal. 5th 120, 226 Cal. Rptr. 3d 379, 407 P.3d 55 (2017), and *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438

(2013).

On January 18, 2019, respondent filed a Motion to Dismiss the Petition ("MTD"), arguing the Petition is barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). Petitioner filed a Motion to Not Dismiss on February 11, 2019, which the court understands to be petitioner's Opposition ("Opp.").

For the reasons discussed below, this action is untimely. The Motion to Dismiss will therefore be granted and this action dismissed with prejudice.

## II.
## **PROCEEDINGS**

On September 10, 2013, petitioner pled nolo contendere to one count of second degree robbery (Cal. Penal Code § 211) in Los Angeles County Superior Court and was sentenced to eleven years in state prison. Lodg. Doc. 1. Petitioner's sentence included a five-year enhancement under California Penal Code § 667(a)(1) for having a prior serious felony conviction. Lodg. Doc. 6 at 28.[1] In addition to pleading no contest to the robbery in this case, petitioner admitted to a prior strike conviction (which doubled his sentence) and another prior serious felony conviction (which gave him the five-year enhancement). *Id.* at 22-24.

There is no record of petitioner filing an appeal. *See* Lodg. Doc. 1; MTD at 1. Although petitioner states he did not file any state habeas petitions and pursued his direct appeal with the California Court of Appeal and the California Supreme Court, the opposite appears to be true – that petitioner did not appeal the trial court's judgment, but did pursue habeas relief in state court. Indeed, the case numbers petitioner cites for his purported appeal to the California Court of Appeal and California Supreme Court are those of his habeas petitions to those courts. *See*

---

[1] Citations to page numbers in the lodged documents and in the Petition refer to those designated by CM/ECF.

2

Pet. at 2-3; Lodg. Docs. 4, 6.

Petitioner filed his first state habeas petition in the Los Angeles County Superior Court on February 22, 2018, claiming the trial court violated his rights by not having a jury determine his prior strike convictions. Lodg. Doc. 2. The court denied the petition on April 6, 2018 on the ground that petitioner's claim lacked merit because petitioner had admitted the strike prior allegations during the course of a negotiated disposition. Lodg. Doc. 3.

Petitioner then filed a habeas petition in the California Court of Appeal on August 31, 2018, presenting the same argument raised below. Lodg. Doc. 4. The Court of Appeal summarily denied the petition on September 7, 2018. Lodg. Doc. 5.

On September 19, 2018, petitioner presented the same argument in a petition for review of his habeas denials filed in the California Supreme Court. Lodg. Doc. 6. The California Supreme Court summarily denied the petition for review on October 24, 2018. Lodg. Doc. 7.

## III.
## DISCUSSION

**A.     The Petition Is Untimely Under AEDPA's One-Year Statute of Limitations**

AEDPA mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also Lawrence v. Florida*, 549 U.S. 327, 329, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012). After the one-year limitation period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002).

To assess whether a petition is timely filed under AEDPA, it is essential to

determine when AEDPA's limitation period starts and ends.  By statute, AEDPA's limitation period begins to run from the latest of four possible events:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Ordinarily, the starting date of the limitation period is the date on which the judgment becomes final after the conclusion of direct review or the expiration of the time allotted for seeking direct review.  *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

AEDPA may also allow for statutory tolling or equitable tolling.  *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002).  But "a court must first determine whether a petition was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied."  *Id*.

### 1. The Petition Is Untimely Under § 2244(d)(1)(A)

Here, petitioner did not seek direct review of the trial court's judgment in the California Court of Appeal.  The judgment thus became final sixty days later, on November 9, 2013, when petitioner's time to file an appeal expired.  *See* Cal. R.

4

Ct. 8.308(a); *Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S. Ct. 948, 127 L. Ed. 2d 236 (1994) ("A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely filed petition has been finally denied."). As such, using the date the judgment became final as the start date, the AEDPA limitation period expired one year after that, on November 9, 2014.

### 2. Petitioner Is Not Entitled to a Later Start Date

Petitioner argues he is entitled to a later limitation period start date due to the California Supreme Court's 2017 decision in *Gallardo*, 4 Cal. 5th 120, and possibly also due to the United States Supreme Court's 2013 decision in *Descamps*, 570 U.S. 254. Opp. at 1. Under 28 U.S.C. § 2244(d)(1)(C), the one-year limitation period may run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Neither *Gallardo* nor *Descamps* qualifies petitioner for a later start date under § 2244(d)(1)(C).

Petitioner primarily relies on *Gallardo*, but it was decided by the California Supreme Court rather than the United States Supreme Court. The California Supreme Court cannot recognize a new federal constitutional right that alters the AEDPA limitation period; United States Supreme Court recognition is required for § 2244(d)(1)(C) to apply by its very terms. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000); *Shavers v. Fox*, 2017 WL 467841, at *4 (N.D. Cal. Feb. 3, 2017) ("only the United States Supreme Court can announce a 'new rule' under 28 U.S.C. § 2244(d)(1)(C)").

*Descamps* is a United States Supreme Court decision, but it also does not help petitioner. *Descamps* addressed the question of when and how a prior state

conviction can trigger a harsher sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 922(e), and holds that "sentencing courts may not apply the modified categorical approach" to determine whether the prior conviction qualifies as a predicate offense under the ACCA when the prior crime "has a single, indivisible set of elements." 570 U.S. at 258. Thus, *Descamps* involves statutory interpretation; it did not establish a new rule of *constitutional* law. *See Ezell v. U.S.*, 778 F.3d 762, 766 (9th Cir. 2015) ("The Supreme Court did not announce a new rule in *Descamps*. . . . Rather, as both the Supreme Court and we have recognized, *Descamps* clarified application of the modified categorical approach in light of existing precedent. . . . But even if the Supreme Court did announce a new rule in *Descamps*, that rule is not constitutional."). Moreover, even if *Descamps* could trigger a new start date under § 2244(d)(1)(C), it would not help petitioner here since *Descamps* was decided on June 20, 2013, before the date petitioner pled no contest and was sentenced, and certainly before his judgment became final.

Accordingly, under AEDPA, the limitation period started running when judgment became final and expired one year later, on November 9, 2014. Petitioner did not initiate this action until November 7, 2018, nearly four years after the limitation period expired. Consequently, the Petition is untimely absent sufficient statutory or equitable tolling.

**B.      Petitioner Is Not Entitled to Statutory Tolling**

Statutory tolling is available under AEDPA during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *accord Evans v. Chavis*, 546 U.S. 189, 191-92, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). But "in order to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the

state courts, the prisoner's state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitations period." *Johnson v. Lewis*, 310 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004); *see also Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (where petitioner does not file his first state petition until after the eligibility for filing a federal habeas petition has lapsed, "statutory tolling cannot save his claim"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (petitioner not entitled to statutory tolling for state habeas petition filed "well after the AEDPA statute of limitations ended").

Here, petitioner filed his first state habeas petition on February 22, 2018, more than three years after the AEDPA limitation period expired. Because petitioner's state habeas petitions were filed well after the limitation period expired, petitioner is not entitled to any statutory tolling.

C. **Petitioner Is Not Entitled to Equitable Tolling**

The United States Supreme Court has decided that "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). Tolling is appropriate when "extraordinary circumstances" beyond a petitioner's control make it impossible to file a petition on time. *Id.* at 649; *see Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) ("[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citation and quotations omitted and brackets in original). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuliemo*, 544 U.S. 408, 418, 125 S. Ct.

7

1807, 161 L. Ed. 2d. 669 (2005). Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *See Bryant v. Arizona Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner here argues he is entitled to equitable tolling "in the interest of justice" due to the *Gallardo* decision. Opp. at 2. He states he has been pursuing his case diligently, at least since *Gallardo*. Even assuming that is true, petitioner still must show an extraordinary circumstance caused his failure to file earlier. He shows no such thing here.

Petitioner is operating from the premise that *Gallardo* applies to him and entitles him to relief where none previously was available, but that simply is not correct. In *Gallardo*, the California Supreme Court held that a trial court may not engage in independent fact-finding as to disputed facts about a defendant's prior conviction, and that such an inquiry violates a defendant's Sixth Amendment right to a jury trial. 4 Cal. 5th at 138. The trial court in that case reviewed the preliminary hearing transcript from the defendant's prior assault case to determine the defendant used a deadly weapon while committing the assault. *Id.* at 126. That determination qualified the assault as a serious felony under the Three Strikes law, which then was used to enhance the defendant's sentence. *Id.* The California Supreme Court held that the trial court's factfinding violated the defendant's Sixth Amendment right to a jury trial because the relevant facts about defendant's prior assault "were neither found by a jury nor admitted by defendant when entering her guilty plea . . . ." *Id.* at 137.

*Gallardo* is inapposite here. At his sentencing hearing, petitioner here pled no contest to the charge of second-degree robbery, and admitted two prior strike convictions for attempted robbery (Cal. Penal Code §§ 664, 211) and robbery (Cal. Penal Code § 211). Lodg. Doc. 6 at 14-15, 22-23. Based on petitioner's admissions, he was sentenced to six years for second degree robbery (his three-

8

year term was doubled based on his first strike conviction) plus five years for his second strike conviction, for a total sentence of eleven years in prison. *Id.* at 24. Thus, unlike in *Gallardo*, the trial court here did not engage in any fact-finding, and simply enhanced petitioner's sentence based on his own admissions. The California Supreme Court did not question a sentencing court's ability to rely on facts admitted by the defendant as part of a guilty plea. *Gallardo*, 4 Cal. 5th at 124 ("While a sentencing court is permitted to identify those facts that were already necessarily found by a prior jury in rendering a guilty verdict or admitted by the defendant in entering a guilty plea, the court may not rely on its own independent review of record evidence to determine what conduct "realistically" led to the defendant's conviction."). In short, even assuming a decision by the California Supreme Court could in some case be considered an extraordinary circumstance warranting equitable tolling, it is not here since *Gallardo* is inapplicable to petitioner.

Nor does petitioner identify any other extraordinary circumstance. To the extent petitioner contends his status as a layman unfamiliar with "how habeas corpus works" entitles him to equitable tolling, petitioner still fails to meet his burden. *See* Pet. at 15, 48. Ignorance of the law does not justify equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

Because petitioner has failed to show there was an extraordinary circumstance that caused his failure to timely file, petitioner is not entitled to equitable tolling. Accordingly, the AEDPA limitation period expired on November 9, 2014, making the instant Petition filed on November 7, 2018 untimely.

## IV.

## **CONCLUSION**

IT IS THEREFORE ORDERED that respondent's Motion to Dismiss (docket no. 11) is GRANTED, petitioner's Motion to Not Dismiss (docket no. 14) is consequently DENIED, and Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: September 30, 2019

SHERI PYM
United States Magistrate Judge